IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

CYNTHIA L. HAHN, as Executor of )
the Estate of AMY L. LUEPKES, deceased, )
)
Plaintiff, )
)
v. ) Case No: 13 C 3778
)
) Magistrate Judge Susan E. Cox
PATRICK JOHN GARRISON and )
NAEVE, INC., a foreign corporation, )
)
Defendants. )

## ORDER

Plaintiff in this case is the executor of the estate of Amy Luepkes, who was killed in a motor vehicle accident in March 2013. At issue here is Defendants' motion to dismiss counts V-VII based on the prohibition of punitive damage awards under both the Illinois Wrongful Death and Survival Acts. For the reasons provided, we grant Defendant's Rule 12(b)(6) Motion to Dismiss Counts V-VII [53]. We, however, deny Defendant's Motion to Strike Plaintiff's Response [59].

## STATEMENT

Plaintiff in this case is the executor of the estate of Amy Luepkes, who was killed in a motor vehicle accident in March 2013. Defendant John Garrison was driving a semi tractor-trailer for his employer, defendant Naeve, Inc., on Interstate 88 when he negligently crossed the median into the westbound lane of traffic, hitting Ms. Luepkes' vehicle head-on.[1] Plaintiff has brought this action alleging, among other counts, willful and wonton conduct on the part of defendants and seeks punitive damages. At issue here is defendants' motion to dismiss counts V-

---

[1] Complaint ¶11, dkt. 49.

VII based on the prohibition of punitive damage awards under both the Illinois Wrongful Death and Survival Acts.

We are required to review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) by treating all well-pleaded allegations as true and drawing all inferences in favor of the non-moving party.[2] To survive a motion to dismiss, plaintiff's complaint must state claims for relief that are plausible on their face. In other words, it must allow the court to draw the reasonable inference that the defendant is liable.[3] The court need not accept legal assertions or elements of a cause of action that are supported by only conclusory statements.[4] But "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."[5]

The parties agree that whether plaintiff can recover punitive damages here is determined by Illinois law. The Illinois Supreme Court, however, has "consistently held that, absent specific statutory authority or very strong equitable reasons, punitive damages are not permitted in Illinois in an action under the Survival Act or as part of a common law action for wrongful death."[6] For example, punitive damages could survive a victim's death if specifically authorized by a separate statute that allows for punitive damages.[7] And the courts have found the "strong equitable considerations"[8] exception applies where "a party would otherwise be left without any

---

[2] *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010).
[3] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
[4] *Vesely v. Armslist, LLC,* 762 F.3d 661, 664 (7th Cir. 2014).
[5] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed2d 929 (2007).
[6] *Marston v. Walgreen Co.,* 389 Ill.App.3d 337, 344 (1st Dist. 2009)(citations omitted); *see also Burgess v. Clairol, Inc.,* 776 F.Supp. 1278, 1280 (N.D. Ill. 1991)(noting both the wrongful death and Survival Act do not allow the estate to recover punitive damages unless another statute would act to transfer the punitive damages).
[7] *See Froud v. Celotex Corp.,* 98 Ill.2d 324, 334-35 (1983)(finding punitive damages survived death under Public Utilities Act).
[8] *Mattyasovszky v. West Town Bus Co.,* 61 Ill.2d 31, 37, 330 N.E.2d 509, 512 (1975).

remedy."[9] Here, there is no other statute properly implicated and both parties agree that plaintiff has a remedy because she is entitled to recover compensatory damages.

Attempting to first get to punitive damages through another statute, plaintiff claims the Illinois Vehicle Code does not foreclose claims for punitive damages. Plaintiff relies on *National Bank of Bloomington v. Norfolk & W. Ry. Company,*[10] where the Public Utilities Act was found to allow the punitive damage claim to proceed because the Act itself provided that "the court may in addition to the actual damages, award damages for the sake of example and by the way of punishment."[11] But plaintiff fails to cite where the Illinois Vehicle Code states "any express statutory basis for punitive damages."[12] Instead, the statute provides for very specific monetary civil penalties and criminal penalties in the case of a willful violation.[13]

The only avenue left for plaintiff is to fit – in some other way – within the "strong equitable considerations" exception. But this is an uphill battle. Plaintiff relies on one Illinois appellate court decision where punitive damages were otherwise not authorized by statute or regulatory scheme but, instead, allowed based on the strong equitable consideration of deterring drunk driving.[14] In *Penberthy v. Price,* survivors injured by an intoxicated driver were allowed to seek punitive damages against the deceased driver's estate.[15] The court found that the defendant's conduct of driving while intoxicated "unquestionably offends against a strong and clearly articulated public policy," and there was "no doubt that these strong equitable

---

[9] *Marston,* 389 Ill.App.3d at 344 (discussing *Mattyasovszky,* 330 N.E.2d at 51); *see also Burgess,* 776 F.Supp. 1278 (noting that "*Mattyasovksky* and [*Froud v Celotex Corp.*] made it clear that equitable considerations focus on the plaintiff and whether any other remedy is available.").
[10] 73 Ill.2d 160, 173, 383 N.E.2d 919, 924 (1978).
[11] *Nat'l,* 383 N.E.2d at 923.
[12] *See Commerce Bank N.A. v. Carmichael,* No. 06cv1103, 2007 WL 496385, *3 (N.D. Ill. Feb. 12, 2007).
[13] *See* 49 C.F.R. §383.53; *see also* 625 ILCS 5/18b-108.
[14] *See Penberthy v. Price,* 281 Ill.App.3d 16, 216 Ill.Dec. 902, 666 N.E.2d 352 (1996)).
[15] *Penberthy,* 281 Ill.App.3d at 21-22.

considerations justify the survival of the punitive damage claim against the defendant's estate."[16] The court explained the effect of punishing a wrongdoer and deterring future wrongful acts (because the tortfeasor had died) warranted punitive damages.[17]

Plaintiff likens the facts of this case to *Penberthy,* arguing that because defendant Garrison was driving with pseudoephedrine in his system, over the posted speed limit, and suffered from multiple health issues like sleep apnea, diabetes and obesity, his actions were also against public policy.[18] Plaintiff then references defendant Garrison's driving history and pleads that defendant Naeve recklessly employed him knowing he was unfit to drive based on his past driving accident history.[19]

Taking these allegations as true, as we must do, plaintiff is asking us to find that such conduct would also offend a strong and articulated public policy against unsafe driving. Plaintiff, therefore, asserts that such conduct falls within the exception, allowing a claim for punitive damages to continue after Ms. Luepkes' death. As other courts have found, however, *Penberthy* "might be distinguished from this case on the grounds that the victims in *Penberthy* survived and were pursuing their punitive damages claim against the tortfeasor's estate."[20] Plaintiff does not cite these cases and merely argues this is a minimal distinction. We acknowledge that the Illinois Supreme Court has stated it "did not base its denial of common law punitive damages on the broad proposition that punitive damages are unrecoverable when injury results in death," but that

---

[16] *Id* at 21.
[17] *Id* at 22.
[18] Complaint ¶42(b)-(d), dkt. 49.
[19] Complaint ¶56(a), dkt. 49.
[20] *See Commerce Bank,* No. 06cv1103, 2007 WL 496385, *3(citing *Readel v. Vital Signs, Inc.,* No. 97cv3495, 2002 WL 1359417, *5 (N.D. Ill. June 21, 2002)(finding that the Illinois Supreme Court has been clear in its decision that punitive damages are not allowed in the absence of a specific statutory remedy); *see also Mathers v. Ciba Vision Corp.,* 2007 WL 2875497, *3 (N.D. Ill. Sept. 28, 2007)(distinguishing *Penberthy* based on the fact that the defendant died, not the plaintiff).

was stated in a case where a statute expressly provided for punitive damages.[21] Courts analyzing this issue since refer to two seminal cases: *Mattyasovszky v. West Towns Bus Company* and *Froud v. Celotex Corporation.* Those cases "made it clear that equitable considerations focus on the plaintiff and whether any other remedy is available."[22] Where there is another remedy, such as here, punitive damages have been denied.

We also find the holding articulated by one of our sister courts helpful. In *Commerce Bank N.A. v. Carmichael*, the plaintiff was wrongfully shot and killed, and sought punitive damages based on the degree of misconduct of the defendants.[23] The plaintiff heavily relied on *Penberthy*, attempting to fit into the "strong equitable considerations" exception. But the court ultimately held that,

> *Penberthy* is an Illinois Appellate Court case. Regardless of the force of *Penberthy's* logic, the Illinois Supreme Court cases discussed above [*Mattyasovszky, Froud,* and *National Bank*] are controlling. Like this case, the Illinois Supreme Court cases all involved deceased victims of alleged willful and wanton conduct.[24]

The court then reviewed the relevant Illinois Supreme Court cases, citing to *Ballweg v. City of Springfield,* (where boaters were electrocuted),[25] *Mattyasovszky,* (where a 12-year-old boy was killed by a bus),[26] *Froud,* (where plaintiff suffered prolonged exposure to asbestos in insulation),[27] and *In re Air Crash Disaster,* (where a plane lost its engine killing all 271 persons aboard).[28] The *Commerce Bank* court found that the plaintiff did "not explain how the equitable considerations in this case are distinguishable from this controlling precedent. Nor does the

---

[21] *Nat'l Bank of Bloomington v. Norfolk & W. Ry. Co.,* 73 Ill.2d 160, 173, 383 N.E.2d 919, 924 (1978).
[22] *See Burgess,* 776 F.Supp. at 1282 (citing *Mattyasovszky,* 61 Ill.2d at 37 and *Froud,* 98 Ill.2d at 330-31).
[23] No. 06cv1103, 2007 WL 496385 at *3.
[24] *Commerce,* No. 06cv1103, 2007 WL 496385 at *3.
[25] 114 Ill.2d 107, 117 (1986).
[26] 61 Ill.2d 31 (1975).
[27] 98 Ill.2d 324 (1983).
[28] 644 F.2d 594, 605 (7th Cir.1981).

Court see a way of distinguishing these cases without disturbing their holdings."[29] Like *Mattyasovsky,* where the plaintiff could still seek compensatory damages, punitive damages were not available.[30]

This provides the backdrop for our finding that the "strong equitable considerations" exception[31] is a limited one. We see no distinction here that would warrant the result sought by plaintiff. Indeed, the facts are similar to *Penberthy* only in that this case also involves an automobile accident. To say, however, that the drunk driving public policy exception, as articulated by the Illinois Appellate Court, applies here is simply to extend that limited finding too far. As noted by other courts, the plaintiffs in *Penberthy* survived to pursue the claim. Furthermore, the Illinois Supreme Court has been clear that where the plaintiff can seek compensatory damages, punitive damages are not available. That is exactly the scenario we have here. Therefore, defendant's motion to dismiss is granted.

**ENTERED:**

Date: December 9, 2014                                Susan E. Cox
                                                      U.S. Magistrate Judge

---

[29] *Commerce Bank N.A.,* No. 06cv1103, 2007 WL 496385 at *3.
[30] *Id.*
[31] *See Mattyasovszky,* 330 N.E.2d at 512.